Dear Mr. Wells:
You have asked this office to advise whether an individual may hold positions with the Board of Commissioners of the England Economic and Industrial Development District and the Board of Commissioners of Ward Nine Recreation District of Rapides Parish. We respond in the affirmative.
The English Economic and Industrial Development District was created by the legislature as a political subdivision of the state, and is governed by a board of commissioners. See R.S. 33:130.351. The board of commissioners consists of ten members, appointed as set forth in R.S.33:130.353:
 A. The district shall be governed by a board of commissioners, hereinafter referred to as the "board", consisting of ten members appointed as follows:
 (1) Three members appointed by the Rapides Parish Police Jury.
 (2) Three members appointed by the mayor of the city of Alexandria, and confirmed by the city council.
 (3) One member appointed by the mayor of the city of Pineville, and confirmed by the board of aldermen.
 (4) One member appointed by a majority of the remaining incorporated municipalities in Rapides Parish, based upon resolutions approved by the respective boards of aldermen.
 (5) Two members nominated by the board of directors of the Chamber of Commerce of Central Louisiana, and appointed by resolutions duly adopted by majority votes of the Rapides Parish Police Jury and Alexandria City Council.
A member of the board of commissioners of the recreational district holds appointive office pursuant to R.S. 33:4564, providing:
 § 4564. Board of commissioners; appointment and tenure; organization; secretary-treasurer; compensation
 A. Any recreation district created under the provisions of R.S. 33:4562 shall be governed by a board of five commissioners who shall be qualified voters and residents of the area covered by the district. The members of the board shall be appointed by the police jury of the parish or parishes involved and where one or more municipalities have, through their respective governing bodies, agreed to be included in the recreation district created by the police jury at least one of said members of the board shall be a qualified voter and resident of each such municipality.
 The five commissioners initially appointed shall be appointed for terms of one, two, three, four and five years, respectively, and they shall serve until their successors shall have been appointed and qualified. All commissioners thereafter appointed at the expiration of such respective terms shall be appointed by the police jury or police juries for terms of five years. Any vacancy which otherwise occurs shall be filled by appointment of the police jury or police juries for the unexpired term. In making such appointments due regard shall be had for the requirement that the board of commissioners shall include at least one qualified voter and resident of each municipality which has been included in the district by consent of its governing authority.
These appointed positions fall within separate political subdivisions of the state. See R.S. 42:62(9). Both are held on a part-time basis. See R.S. 42:62(5). We find the prohibition of R.S. 42:63 to be inapplicable, and are given no facts to suggest that the incompatibility provisions of R.S. 42:64 would be of concern. We conclude the law does not prohibit Mr. William Barron from holding both positions.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: July 31, 2003